Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
### Southern District of Texas

_____ Division

| | |
|---|---|
| DONNA DENISE MOUTON<br>TERRIN MARQUIS DAQUAN STAFFORD | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| _____ | ) |
| *Plaintiff(s)* | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| HOUSTON INDEPENDENT SCHOOL DISTRICT<br>JAMES MADISON HIGH SCHOOL | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DONNA DENISE MOUTON |
| Street Address | 4907 CALLERY CREEK DRIVE |
| City and County | HOUSTON, HARRIS |
| State and Zip Code | TEXAS 77053 |
| Telephone Number | (713) 429-9295 |
| E-mail Address | TERRIASHAY@YAHOO.COM |

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

_____ Division

| | | |
|---|---|---|
| DONNA DENISE MOUTON<br>TERRIN MARQUIS DAQUAN STAFFORD | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT<br>JAMES MADISON HIGH SCHOOL | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | TERRIN MARQUIS DAQUAN STAFFORD |
| Street Address | 4907 CALLERY CREEK DRIVE |
| City and County | HOUSTON, HARRIS |
| State and Zip Code | TEXAS 77053 |
| Telephone Number | (713) 429-9295 |
| E-mail Address | TERRIASHAY@YAHOO.COM |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | HOUSTON INDEPENDENT SCHOOL DISTRICT |
| Job or Title *(if known)* | |
| Street Address | 4400 WEST 18TH STREET |
| City and County | HOUSTON, HARRIS |
| State and Zip Code | TEXAS. 77092-8501 |
| Telephone Number | (713) 556-6000 |
| E-mail Address *(if known)* | HISDSUPERINTENDENT@HOUSTONISD.ORG |

Defendant No. 2

| | |
|---|---|
| Name | JAMES MADISON HIGH SCHOOL |
| Job or Title *(if known)* | CAROLOTTA BROWN/PRINCIPAL |
| Street Address | 13719 WHITE HEATHER DRIVE |
| City and County | HOUSTON, HARRIS |
| State and Zip Code | TEXAS 77045 |
| Telephone Number | (713) 499-9801 |
| E-mail Address *(if known)* | CBROWN9@HOUSTONISD.ORG |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[✓] Federal question              [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
VIOLATION OF INDIVIDUALS WITH DISABILITIES EDUCATION ACT, SECTION 504 VIOLATION, VIOLATION OF FEE APPROPRIATE PUBLIC EDUCATION, VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II, VIOLATION OF PARENTAL RIGHT TO ACCESS STUDENTS RECORD, VIOLATION OF FEDERAL CIVIL RIGHTS TITLE VI, NEGLIGENCE, VIOLATION OF THE 14TH AMENDENT, FALSIFICATION OF SECTION 504 RECORDS, KNOWINGLY AND WILLINGLY PROVIDED MISLEADING INFORMATION FORCING PLAINTIFF TERRIN MARQUIS STFFORD TO RE-ENROLL IN HIGH SCHOOL AT 20 YEARS OF AGE, AND VIOLATION OF His RIGHTS

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship   AND FEDERAL LAW

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* DONNA DENISE MOUTON , is a citizen of the State of *(name)* TEXAS .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A ,
and has its principal place of business in the State of *(name)*
N/A .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* N/A , is a citizen of the State of *(name)* N/A . Or is a citizen of
*(foreign nation)* N/A .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
VIOLATION OF INDIVIDUALS WITH DISABILITIES EDUCATION ACT, SECTION 504 VIOLATION, VIOLATION OF FEE APPROPRIATE PUBLIC EDUCATION, VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II, VIOLATION OF PARENTAL RIGHT TO ACCESS STUDENTS RECORD, VIOLATION OF FEDERAL CIVIL RIGHTS TITLE VI, NEGLIGENCE, VIOLATION OF THE 14TH AMENDENT, FALSIFICATION OF SECTION 504 RECORDS, KNOWINGLY AND WILLINGLY PROVIDED MISLEADING INFORMATION FORCING PLAINTIFF TERRIN MARQUIS STFFORD TO RE-ENROLL IN HIGH SCHOOL AT 20 YEARS OF AGE, AND VIOLATION OF *His Rights*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship *and Federal Law*

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

       The plaintiff, *(name)* TERRIN MARQUIS DAQUAN STAFFORD , is a citizen of the State of *(name)* TEXAS .

    b.  If the plaintiff is a corporation

       The plaintiff, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A ,

       and has its principal place of business in the State of *(name)* N/A .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

       The defendant, *(name)* N/A , is a citizen of the State of *(name)* N/A . Or is a citizen of *(foreign nation)* N/A .

b.  If the defendant is a corporation

The defendant, *(name)* HOUSTON INDEPENDENT SCHOOL DISTRICT, is incorporated under

the laws of the State of *(name)* TEXAS , and has its

principal place of business in the State of *(name)* TEXAS .

Or is incorporated under the laws of *(foreign nation)* N/A ,

and has its principal place of business in *(name)* N/A .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain):* THE AMOUNT THE PLAINTIFFS LISTED IN THIS COMPLAINT FEEL IS OWED IS 1,500,00.00 DUE TO THE DEFENDANTS OWED A DUTY TO THE PAINTIFFS UNDER FEDERAL LAW BUT INSTEAD KNOWINGLY, INTENTIONALLY AND WILLINGLY REFUSED TO PROVIDE SERVICES MANDATED AND PROTECTED BY FEDERAL LAW.

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. FROM AUGUST 2013 TO CURRENT (2019) HOUSTON INDEPENDANT SCHOOL DISTRICT AND JAMES MADISON HIGH SCHOOL DISCRIMINATED AGAINST TERRIN MARQUIS DAQUAN STAFFORD WHO IS A STUDENT WITH A DISABILITY IN THE SECTION 504 PROGRAM BY KNOWINGLY, WILLINGLY, AND INTENTIONALLY BY DENYING HIM SECTION 504 SERVICES MANDATED BY FEDERAL LAW. THE DEFENDANTS DENIED THE PLAINTIFFS OF EQUAL EDUCATIONAL RIGHTS AS A STUDENT WITH DISABILITIES AS THEY PROVIDED TO NON DISABLED STUDENTS, THE DEFENDANT DENIED THE PLAINTIFFS THE RIGHT TO AN APPROPRIATE EDUCATION, THE DEFENDANT DENIED THE PLAINTIFF DONNA DENISE MOUTON OF HER PARENTAL RIGHT TO OBTAIN AND ACCESS HER SON TERRIN MARQUIS DAQUAN STAFFORD'S SECTION 504 RECORDS. THE DEFENDANTS FAILED TO PROTECT THE PLAINTIFFS RIGHT AS DETAILED IN THE ATTACHED LETTER OF INTENT TO SUE FORWARDED TO THE DEFENDANT/S

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

THE PLAINTIFFS IN THIS COMPLAINT IS SEEKING RELIEF OF $1,500,00.00 DUE TO THE FACTS IN THIS CAUSE OF ACTION DEFENDANTS OWED A DUTY TO THE PLAINTIFFS AND BREACHED THAT DUTY BY KNOWINGLY, WILLINGLY, AND INTENTIONALLY REFUSING TO PROVIDE SERVICES MANDATED BY FEDERAL LAW AND REFUSING TO PROVIDE SERVICES MANDATED BY FDERAL LAW VIOLATED THE RIGHTS OF THE PLAINTIFFS LISTED WITHIN THIS COMPLAINT. HE DEFENDANT'S ACTION WERE INTENTIONAL AND DELIBERATE THE DEFENDANTS REFUSED DISPITE NUMEROUS EMAILS, MEETINGS, PHONE CALLS AND CONVERSATION BETWEEN THE PLAINTIFFS WITH THE PRINCIPALS, SECTION 504 COORDINATOR, BOARD OF TRUSTEE WANDA ADAMS, HOUSTON INDEPENDENT SCHOOL DISTRICT, DISTRICT OFFICE PAST AND PRESENT

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* JAMES MADISON HIGH SCHOOL , is incorporated under

the laws of the State of *(name)* TEXAS , and has its

principal place of business in the State of *(name)* TEXAS .

Or is incorporated under the laws of *(foreign nation)* N/A ,

and has its principal place of business in *(name)* N/A .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
THE AMOUNT THE PLAINTIFFS LISTED IN THIS COMPLAINT FEEL IS OWED IS 1,500,00.00 DUE TO THE DEFENDANTS OWED A DUTY TO THE PAINTIFFS UNDER FEDERAL LAW BUT INSTEAD KNOWINGLY, INTENTIONALLY AND WILLINGLY REFUSED TO PROVIDE SERVICES MANDATED AND PROTECTED BY FEDERAL LAW.

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.
FROM AUGUST 2013 TO CURRENT (2019) HOUSTON INDEPENDENT SCHOOL DISTRICT AND JAMES MADISON HIGH SCHOOL DISCRIMINATED AGAINST TERRIN MARQUIS DAQUAN STAFFORD WHO IS A STUDENT WITH A DISABILITY IN THE SECTION 504 PROGRAM BY KNOWINGLY, WILLINGLY, AND INTENTIONALLY BY DENYING HIM SECTION 504 SERVICES MANDATED BY FEDERAL LAW. THE DEFENDANTS DENIED THE PLAINTIFFS OF EQUAL EDUCATIONAL RIGHTS AS A STUDENT WITH DISABILITIES AS THEY PROVIDED TO NON DISABLED STUDENTS, THE DEFENDANT DENIED THE PLAINTIFFS THE RIGHT TO AN APPROPRIATE EDUCATION, THE DEFENDANT DENIED THE PLAINTIFF DONNA DENISE MOUTON OF HER PARENTAL RIGHT TO OBTAIN AND ACCESS HER SON TERRIN MARQUIS DAQUAN STAFFORD'S SECTION 504 RECORDS, THE DEFENDANTS FAILED TO PROTECT THE PLAINTIFFS RIGHT AS DETAILED IN THE ATTACHED LETTER OF INTENT TO SUE FORWARDED TO THE DEFENDANTS

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

THE PLAINTIFFS IN THIS COMPLAINT IS SEEKING RELIEF OF $1,500,00.00 DUE TO THE FACTS IN THIS CAUSE OF ACTION DEFENDANTS OWED A DUTY TO THE PLAINTIFFS AND BREACHED THAT DUTY BY KNOWINGLY, WILLINGLY, AND INTENTIONALLY REFUSING TO PROVIDE SERVICES MANDATED BY FEDERAL LAW AND REFUSING TO PROVIDE SERVICES MANDATED BY FDERAL LAW VIOLATED THE RIGHTS OF THE PLANTIFFS LISTED WITHIN THIS COMPLAINT. HE DEFENDANT'S ACTION WERE INTENTIONAL AND DELIBERATE THE DEFENDANTS REFUSED DISPITE NUMEROUS EMAILS, MEETINGS,PHONE CALLS AND CONVERSATION BETWEEN THE PLAINTIFFS WITH THE PRINCIPALS, SECTION 504 COORDINATOR, BOARD OF TRUSTEE WANDA ADAMS, HOUSTON INDEPENDENT SCHOOL DISTRICT,DISTRICT OFFICE PAST AND PRESENT

Donna D. Mouton

Terrin Marquis Stafford

4907 Callery Creek Drive

Houston, Texas 77053

(832) 259-3870

July 26, 2019

Houston Independent School

4400 West 18th Street

Houston, Texas 77092-8501

To whom it may concern,

    Please acknowledge this letter as my formal notice of intent to sue Madison High School and Houston Independent School District in violation of Terrin M. Stafford's constitutional rights, violation the Americans with disabilities Act which prohibits discrimination against individuals with a disability, Section 504 states " No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving Federal financial assistance "[29 U.S.C. §794(a), 34C.F.R. §104.4(a)]. The federal regulations that implement §504 are found at Title 34, Part 104 of the Code of Federal Regulations

    Under §504, Terrin M. Stafford had the right to an appropriate education designed to meet his or her educational needs as adequately as the needs of non-disabled students are met. [34 CFR 104.33] which he was denied when the section 504 coordinator falsified Terrin's section 504 deliberation and failed to implement Terrin's section 504 plan from 2013 to 2018 despite many emails to the school's principal Orlando Reyna, the 504 coordinator Joy Love, Dean of Instruction Venita Ussin and Mrs. Jefferson. I went as far as contacting the past superintendents doing this time Terry Grier and Abe Saavedra only to be referred back to the principal of Madison High School Orlando Reyna who continue to deliberately fail to address the situation as my son struggled to get through his curriculum. I spent the duration of my son's time at Madison High School requesting and demanding that the people listed here within provide my son with the help he so desperately needed to be successful even asking 5 times for a formal investigation because my son who was a minor (under the age of 18) at the time was denied equal rights to education as nondisabled students. Out of 3 ½ years of pleading for help as I battled with my own health problems lupus and cancer and being stressed out trying to help my son with his curriculum and begging for his section 504 plan to be implemented it wasn't until May 2017 my request for a formal investigation was granted by the district 504 coordinator Cheval Bryant which concluded July 27, 2017 that my son Terrin Stafford's section wasn't consistently implemented ( it was only implemented when

Terrin was homebound never on the campus of Madison High School) and none of his teachers followed his section 504 plan.

A Section 504 coordinator is required by federal law to implement 504 plans for students who qualify for those services, Joy Love (Madison High School 504 section 504 coordinator) and other administration deliberately denied my son of services he needed that was designed for help students in Section 504 to be successful. They often appeared frustrated when I would go to the school to address their failure to implement my son's 504 plan, even scheduling to meet with me then cancelling at the last minute. You can't make a 3 ½ years mistake after receiving countless text, visits, calls and emails. My son was deliberately discriminated against due to his disability the school officials failed him because they didn't want deal with his learning disability so they denied him the services designed to help him not by mistake but deliberately.

On June 18,2019 Terrin and I met with Mr. Johnson on behalf of Mrs. Samantha Richardson and another administrator regarding Terrin's diploma which he doesn't have due to him needing to pass staar test which he didn't get the accelerated curriculum to prepare for after continuing to not be successful in taking. Mr. Johnson gave Terrin and I an option that they would reevaluate Terrin place him in special education and Terrin would receive his high school diploma. This meant changing his transcripts and all of his school records to reflect Terrin being a special education student. We both refused and told them that what they were suggesting was yet another violation of federal law.

Madison High School and Houston Independent School failed Terrin for 3 ½ years discriminating against him not even requiring teachers to implement his 504 plan violating his civil rights and violating federal laws meant to protect and guarantee students equal education as nondisabled students that did not happen for Terrin to date. On July 9, 2019 Terrin and I met at Madison with the current principal and an administrator from the district office on West Fuqua in Houston, Texas and was informed that Terrin would be required to enroll in high school at 20 years of age with 28 credits for attendance purposes and take review courses in order to retake the Staar Assessment when we were told on June 18,02019 that Terrin would retest the week of June 24, 2019 but he was never given testing dates even when I contacted Mrs. Richardson for the dates she didn't have an answer. Terrin was provided IGC packets to complete and was told by Joy love those packets would replace any Staar Assessments he didn't pass. I personally contact Joy love to verify what Terrin said and I was told the exact same thing, it wasn't until after he failed the Staar Assessments we were told he could only use 2 of those IGC packets in place of failed Staar Assessments.

Even today Terrin rights continue to be violated and due to violation of his civil rights and Terrin being discriminated against as a individual with disabilities and Terrin being denied equal rights to the same education as nondisabled students as well as my right as a parent being denied by not allowing me examine relevant records pertaining to my son, I was repeatedly denied the rights to an impartial hearing with respect to my son's identification evaluation, his placement and/or lack of placement of my son and never given the opportunity as Terrin parent to participate or even be granted a hearing for the reasons listed within. I Donna Mouton and Terrin Marquis Stafford are presenting Madison High School and Houston Independent School District with this notice of intent to sue.

It's our intention to sue Madison High School and Houston Independent School District for Terrin Stafford's diploma citing Madison High School and Houston independent School District fail to provide services(section 504) that was designed to help Terrin be successful by deliberately refusing to

implement his section 504 plan and deliberately providing Terrin as well as I Donna Mouton misleading information claiming the IGC packets would replace any Staar Assessments he wasn't successful in passing. In addition we will seek monetary damages in the amount of $1,500,000.00 for violation of section 504 with deliberate indifference and other cause/s of action listed here within.

It is expected that Madison High School and Houston Independent School District to give a response to this formal letter of Donna Mouton and Terrin M. Stafford's Intent to sue no later than 30 days (August 26, 2019) from the date of receipt of this correspondence.

Repectfully submitted,

Donna D. Mouton

Terrin Marquis Stafford



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com™*.

OFFICIAL USE

HOUSTON, TX 77002

| Certified Mail Fee | $3.50 | | 0016 |
|---|---|---|---|
| $ | | | 31 |
| Extra Services & Fees (check box, add fee as appropriate) | | $0.00 | |
| ☑ Return Receipt (hardcopy) | $ | | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.15 | | JUL 26 2019 |
| $ | | | 07/26/2019 |
| Total Postage and Fees | $4.65 | | |

Sent To *Houston Independent School District*
Street and Apt. No., or PO Box No. *4400 West 18th Street*
City, State, ZIP+4 *Houston TX 77092-2501*

**PS Form 3800, April 2015** PSN 7530-02-000-9047        See Reverse for Instructions

7019 0700 0001 6478 7562

USPS Certified Mail #)
(7019070000016478752)        $3.50

$4.65

$4.65

# USPS Tracking®

**FAQs >**

## Track Another Package ✛

**Tracking Number:** 70190700000164187562

Remove ✕

Your item was delivered to an individual at the address at 12:52 pm on July 29, 2019 in HOUSTON, TX 77092.

## ✓ Delivered

July 29, 2019 at 12:52 pm
Delivered, Left with Individual
HOUSTON, TX 77092



Feedback

---

### Tracking History

˄

**July 29, 2019, 12:52 pm**
Delivered, Left with Individual
HOUSTON, TX 77092
Your item was delivered to an individual at the address at 12:52 pm on July 29, 2019 in HOUSTON, TX 77092.

**July 29, 2019**
In Transit to Next Facility

**July 28, 2019, 1:07 pm**
Departed USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

July 26, 2019, 10:18 pm
Arrived at USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER


July 26, 2019, 4:29 pm
USPS in possession of item
HOUSTON, TX 77045

---

**Product Information**                                              

---

See Less ∧


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs**

Feedback

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

SUPERINTENDANTS ALL TO NO AVAIL. THE DEFENDANTS HAS ALLOWED THE FALSICATION OF THE PLAINTIFF TERRIN MARQUIS DAQUAN'S SECTION 504 RECORDS REFUSING TO ADDRESS OR HOLD ANYONE ACCOUNTABLE FOR THEIR ACTIONS BUT INSTEAD ATTEMPTS TO DEFAME THE CHARACTER OF THE PLAINTIFF/S BY MAKING FALSE CLAIMS. THE  DEFENDANTS KNOWINGLY, WILLINGLY, AND ATTENTIONALLY MISLED THE PLAINTIFFS FORCING HIM TO RE-ENROLL IN HIGH SCHOOL AT 20 YEARS OLD CLAIMING HE MUST RE-ENROLL IN HIGH SCHOOL FOR A FULL SEMESTER (DISPITE THE DEFENDANT TERRIN MARQUIS DAQUAN STAFFORD HAVING 28 CREDITS) IN ORDER TO SIMPLY RETAKE ONE (1) STAAR ASSESSMENT NEEDED TO GET THE PLAINTIFFS DIPLOMA. BRIAN BYRAM WITH T.E.A CONFIRMS THIS INFORMATION IS FALSE. PLEASE SEE ATTACHMENT)

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff          DONNA DENISE MOUTON

### B.      For Attorneys

Date of signing:          October 10, 2019

Signature of Attorney          n/a

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

SUPERINTENDANTS ALL TO NO AVAIL. THE DEFENDANTS HAS ALLOWED THE FALSICATION OF THE PLAINTIFF TERRIN MARQUIS DAQUAN'S SECTION 504 RECORDS REFUSING TO ADDRESS OR HOLD ANYONE ACCOUNTABLE FOR THEIR ACTIONS BUT INSTEAD ATTEMPTS TO DEFAME THE CHARACTER OF THE PLAINTIFF/S BY MAKING FALSE CLAIMS. THE  DEFENDANTS KNOWINGLY, WILLINGLY, AND ATTENTIONALLY MISLED THE PLAINTIFFS FORCING HIM TO RE-ENROLL IN HIGH SCHOOL AT 20 YEARS OLD CLAIMING HE MUST RE-ENROLL IN HIGH SCHOOL FOR A FULL SEMESTER (DISPITE THE DEFENDANT TERRIN MARQUIS DAQUAN STAFFORD HAVING 28 CREDITS) IN ORDER TO SIMPLY RETAKE ONE (1) STAAR ASSESSMENT NEEDED TO GET THE PLAINTIFFS DIPLOMA. BRIAN BYRAM WITH T.E.A CONFIRMS THIS INFORMATION IS FALSE.(PLEASE SEE ATTACHMENT)

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff       *Terrin marquis Daquan Stafford*

Printed Name of Plaintiff    TERRIN MARQUIS DAQUAN STAFFORD

### B.    For Attorneys

Date of signing:   *October 10, 2019*

Signature of Attorney       *n/a*

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

1 of 6

Donna Denise Mouton
Terrin Marquis DaQuan Stafford
       Plaintiff/s

       -V-

Houston Independent School District
James Madison High School
       Defendant/s

## IV. Relief (Continues)

Brian Byram of (T.E.A.) Texas Education Agency informed the plaintiff/s is not required to re-enroll into High School to retake the Staar Assessment/s needed to obtain his diploma. However In the meeting July 9, 2019 at James Madison High School with the Principal Caroletta Brown, a representative from (HISD) Houston Independent School District from the Staar Assessment / Special Education Services Department Mr. Clamese both stated the plaintiff/s Could NOT register to retake the Staar Assessment without enrolling at Madison High School when asked by the Plainti Why the Defendant stated Terrin had to be a registrated student.

2 of 6

## VI. Relief (continues)

The Defendant/s denied the Plaintiff the opportunity to re-take the Staar Assessment in June 2019, after having a meeting at Houston Independent School District's located 4040 West Fuqua St, in Houston, Tx 77045 South Field Office when the Plaintiff/s denied what was presented as a resolution ~~for~~ to resolve the ongoing problem, which was to allow Houston Independent School District to change the Plaintiff's (Terrin Marquis DaQuan STAFFORD) permanent records to Special Education and give the Plaintiff his diploma after simply scheduling a doctor's appointment so the could "place" the Plaintiff (Terrin Marquis DaQuan Stafford) in Special Education after the fact that he had already completed high School and was denied Section 504 Services after qualifying for the program since he was in Middle School and being reevaluated and approved to continue receiving Section 504 Services as a student with disabilities. (ADHD) When the Plaintiff/s declined the

3 of k

## IV  Relief continues

When the Plaintiff/s declined the offer suggested by Houston Independent School District presented by Mr. Johnson on behalf of Samantha Richardson Mr. Johnson became angry when the plaintiff/s (Donna Denise Mouton) stated to them that what they we offering as a resolution is a violation of Federal Law to change the Plaintiff permanent School records to reflect him being in Special Education when he was not to justify denying the Plaintiff (Terrin Stafford) and refusing him Services Under Section 504.

Mr. Johnson then stated they was just trying to give (Terrin Stafford) the plaintiff his diploma so he could continue with his education and get his career. Again the Plaintiff/s declined the offer and requested for the plaintiff (Terrin Stafford) be allowed to retake the Staar Assessment scheduled in June 2019. Mr. Johnson stated they would grant that request however he refused to register

4 of 6

# VI Relief continues

the plaintiff (Terrin Marquis DaQuan Stafford) for the retake of the staar assessments. This is when the plaintiff Donna Mouton contacted Samantha Richardson who identified herself as the District Section 504 coordinator who scheduled another meeting that took place on July 8, 2019 when Ms. Richardson informed the plaintiffs that she needed to due more investigation which included speaking to their (Houston Independent School District's) attorney HANS GRAFF. Who informed her that the defendant (Terrin Marquis Stafford) is required to re-enroll into Madison High School as a student to be allowed to retake the Staar Assessment/s and he could only do the retakes at Houston Independents James Madison High School. Ms. Richardson also retrieved the Section 504 Records for the Plaintiff (Terrin Marquis DaQuan Stafford) and detemined the records that Houston Independent School District

5 of 6

VI Relief Continues

did not match the records the plaintiff (Donna Denise Mouton) had be provided and she couldn't locate any copy of the investigation conducted by Ms Cheval Byrant in June 2017 after the plaintiff (Donna Denise Mouton) was denied an investigation 5 times. Ms. Richardson requested Mr. Calmese go to Madison to obtain the IGC Packets the Defendant (Ternn Marquis DAQuan Stafford) was told to complete because they didn't have a record of the packets on file. When the plaintiff asked Ms Richardson was re-enrolling into high school the only option the plaintiff had to be allowed to retake the Staar Assessment she stated after consulting with the Districts (Houston Independent School District) attorney HANS GRAFF that is the only option the plaintiff had in order to retake the Staar Assessment and obtain his diploma. James Madison High School and Houston Independent

6036

## VI  Relief

School District, the defendants in this complaint continues to violate the rights of the Plantiffs as listed in this complaints causes of action and has not been held responsible despite the plaintiff's (Donna Denise Mouton) many complaints filed with OCR, T.E.A., within Houston Independent School District's Board member Wanda Adams or Houston Independants School District Administrator, Superinten ants or other Personnel who could have solidified the problem instead of allowing the discrimination, violation of the rights of the Plaintiffs listed here within to continue from 2013 to the current date. In addition to request for damages in this complaint against the Defendants the Plantiffs are again requesting punitive and emotion distress as well as mental anguish and any other damages as awarded by this court.


Donna Denise Mouton            Terrin Marquis Daquan Stat,
Donna Denise Mouton            Terrin Marquis DAquan Stat,
October 10th   2019